297 F.2d 489
 62-1 USTC P 12,051
 In re ESTATE of Harriet Long MURPHY, Deceased.
Zachariah BELCHER, Jr., et al., Executors, Appellants
v.
UNITED STATES of America and John E. Manning, Former
Collector of Internal Revenue.
 No. 13648.
 United States Court of Appeals Third Circuit.
 Argued Dec. 7, 1961.
Decided Dec. 27, 1961, Rehearing Denied Feb. 1, 1962.
 
 Joseph M. Nolan, Newark, N.J. (Martin Clinton Conant, Newark N.J., on the brief), for appellant.
 R. Michael Duncan, Washington, D.C. (David M. Satz, Jr., U.S. Atty., Newark, N.J., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, C. Guy Tadlock, Attorneys, Department of Justice, Washington, D.C., on the brief), for appellee.
 Before GOODRICH, STALEY and GANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a suit to recover estate taxes paid during the year 1950. It involves the question whether the taxpayer's claim is barred by the three-year limitation period contained in section 910 of the Internal Revenue Code of 1939, 26 U.S.C.A. 910. The district court held that it was. D.C., 191 F.Supp. 698 (D.N.J.1961). The Government concedes that, if In re Tindle's Estate, 59 F.Supp. 667 (E.D.Pa.1945), affirmed by this Court sub nom. Pennsylvania Co. for Insurances on Lives and Granting Annuities v. United States, 3 Cir., 152 F.2d 757 (1946), is still the rule in this Circuit, the district court must be reversed. We do not depart from a conclusion reached by this Court, whether through a panel or with full court participation, unless we are convinced that we have been overruled by higher authority or unless a majority of the full court is convinced that the previous result was wrong. It is argued to us that the Supreme Court's decision in Jones v. Liberty Glass Co., 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947), is inconsistent with Tindle. That was an income tax case. We do not regard it as telling us that we were wrong in Tindle. We, therefore, adhere to the result previously reached.
 
 
 2
 The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.